UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN J. MAMON, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14 CV 2060 |
| | ) | |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Kevin J. Mamon, a *pro se* prisoner, is serving a 3-year sentence for a conviction of battery by bodily waste in the Hancock County Circuit Court. *State v. Mamon*, 30C01-1211-FD-1791. He filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising two grounds. First, Mamon claims that the trial court denied him the right to present an intoxication and insanity defense. Second, he asserts that the trial court lost jurisdiction to bring him to trial once he filed a petition for removal to federal court. The respondent argues that the petition should be denied because Mamon's first claim is procedurally defaulted and second claim is without merit. This court agrees. For the reasons stated below, the petition is denied and this case is dismissed.

I.  FACTS

In deciding this habeas petition, the court must presume the facts set forth by the state courts are correct. 28 U.S.C. § 2254(e)(1). It is Mamon's burden to rebut this presumption with clear and convincing evidence. *Id.* On direct appeal, the Indiana Court of Appeals set forth the facts surrounding Mamon's offenses as follows:

Mamon was an inmate at the Hancock County Jail. On August 7, 2012, Mamon submitted the following comment into the jail's grievance report system after being denied a position as an inmate employee:

> I CANNOT FOLLOW THE BASIC RULES OF THE JAIL? I[']M NOT INSTITUTIONALIZED. SORRY. I[']M NOT YOUR MODEL INMATE. WHAT DOES THAT HAVE TO DO WITH OCCUPYING MY TIME SO I STAY OUT OF TROUBLE. NOTHING. SCREW YOU AND INMATE WORKERS[.] I[']LL CONTINUE TO DO WHAT THE FU*K I WANT THEN. AND THERE[']S NOT MUCH YOU CAN DO WHEN YOU GET SH*T AND PI*S THROWN ON YOU. KEEP FU**ING AROUND.

Tr. p. 132-34. On September 12, 2012, Mamon again threatened to throw urine when he refused to be moved to a segregated unit. Sometime during the evening of November 20, 2012, an inmate worker reported that Mamon spit on him. Based on this report, Mamon was moved into an administrative segregation padded cell with a solid door. Although the cell had an attached bathroom, Mamon was not able to access that bathroom because of a locked door. Most inmates who are placed in a padded cell are typically not provided with access to the bathroom. Instead, the cell is equipped with a special floor toilet with is flushed from outside the cell.

During the night, the guards offered Mamon water on an hourly basis, but Mamon generally refused the drinks. Mamon spent most of the night yelling at the officers. Mamon also threw feces on the walls and covered one of the security cameras with feces. According to the sergeant in charge of the night shift, Mamon was offered the opportunity to leave the cell and to clean the feces, but he refused to leave.

Around 5:00 a.m. on November 21, 2012, jail officer Ryan Garrity opened the cell door to offer Mamon some water. Mamon grabbed a cup filled with yellow liquid and threw it at Officer Garrity. The liquid hit Officer Garrity on the side of the face, and some of it went into his mouth and an eye. Based on the color, the officer knew that the liquid was urine. Mamon stated, "I got you[,] that was my piss" or "how did my piss taste?" Tr. p. 162, 203. A review of the security footage appears to show Mamon hiding the cup and possibly filling the cup with urine earlier in the morning, but the image is largely obstructed by Mamon's feces (Ex. F).

*Mamon v. State*, 30A05-1309-CR-440, slip op. 2-3 (Ind. Ct. App. March 31, 2014); (DE #11-6.)

The State charged Mamon with battery by bodily waste, a class D felony, on November 21, 2012. (DE #11-1; 11-6.) On January 9, 2013, Mamon filed a petition for removal of the case from the Hancock Circuit Court to the United States District Court for the Southern District of Indiana. (*Id.*) Mamon proceeded *pro se* at a jury trial that commenced on February 26, 2013, and he was found guilty as charged. (*Id.*) On May 8, 2013, the United States District Court terminated Mamon's removal by remanding the case. (*Id.*) On June 3, 2013, the trial court entered judgment and sentenced Mamon to a three year term of imprisonment. (*Id.*)

On direct appeal, Mamon raised four arguments: (1) whether the trial court improperly excluded evidence regarding involuntary intoxication and insanity defenses under Indiana law; (2) whether the sentence was inappropriate; (3) whether the trial court improperly conducted a trial while his petition for removal was pending in federal court; and (4) whether the trial court lost jurisdiction due to a delay in sentencing. (DE #11-2; 11-3.) On March 31, 2014, the Indiana Court of Appeals affirmed his conviction and sentence. (DE #11-6.) Mamon then sought transfer to the Indiana Supreme Court where he argued that the trial court erred in conducting a trial while his petition for removal was pending and that the trial court lost jurisdiction and could not

sentence him due to a delay in sentencing. (DE #11-7.) The Indiana Supreme Court denied transfer on July 24, 2014. (DE #11-2.)

On January 16, 2015, Mamon filed this federal habeas petition raising two grounds for relief: (1) the trial court denied his right to present a defense; and (2) the trial court lost jurisdiction and the ability to bring him to trial once he filed a petition for removal under 28 U.S.C. § 1443 in federal district court. (DE #5.)

## II. ANALYSIS

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court can grant an application for habeas relief if it meets the requirements of 28 U.S.C. § 2254(d), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoner's federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has now passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

**A. Claim One**

In his first claim, Mamon claims that the trial court's exclusion of evidence that he intended to introduce to support defenses of involuntary intoxication and temporary

5

insanity violated his federal constitutional right to present a defense. (DE #5.) However, the record reflects that Mamon did not raise that claim before the Indiana Supreme Court in his petition to transfer. (DE #11-7.) Because he did not raise this claim in one complete round of state review, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 848 (a prisoner who fails to present his claims in a petition for discretionary review to a state court of last resort has not properly presented his claims to the state courts); *Hough v. Anderson*, 272 F.3d 878, 892 (7th Cir. 2001) (petitioner who failed to raise his claims in a petition to transfer with the Indiana Supreme Court procedurally defaulted those claims).

In addition to failing to present any challenge to the Indiana Supreme Court, Mamon failed to present a federal constitutional claim before the Indiana Court of Appeals when he challenged the exclusion of this evidence. He only challenged it on state law grounds. Because the Indiana Court of Appeals dismissed Mamon's claim based on state law, his claim is also defaulted based on an independent and adequate state law ground. *Coleman*, 501 U.S. at 729.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008), *cert. denied*, 129 S. Ct. 2382 (2009). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492

6

(1986). Mamon filed a traverse in support of his petition, but does not allege any grounds in his traverse for excusing this procedural default, and instead focuses on the merits of this claim. (See DE #22.) However, because this claim is defaulted, the court cannot reach the claim on its merits.

A habeas petitioner may also overcome a procedural default by establishing that the court's refusal to consider a defaulted claim on the merits would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). Mamon does not show any fundamental miscarriage of justice would occur, nor does the court find that to be that case.

### B. Claim Two

In his second claim, Mamon asserts that the trial court lost jurisdiction over his state criminal proceeding when he filed a petition for removal to federal court before the trial commenced. Pursuant to federal statute:

> The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.

28 U.S.C. § 1455(b)(2). The Indiana Court of Appeals held that 28 U.S.C. § 1455(b)(2) permits state courts to conduct proceedings in a criminal case while a removal petition is pending. The Indiana Court of Appeals held that 28 U.S.C. § 1455(b)(2) permits state courts to conduct proceedings in a criminal case while a removal petition is pending. In addition, as stated above in the factual summary, on May 8, 2013, the United States District Court remanded the case, prior to the state court entering a judgment of conviction on June 3, 2013. (DE #11-6.)

Under the deferential standard under which the court operates in habeas proceedings, it must "attend closely" to the decisions of state courts and "give them full effect when their findings and judgments are consistent with federal law." *Williams v. Taylor*, 529 U.S. 362, 383 (2000). To warrant relief, a state court's decision must be more than incorrect or erroneous; it must be "objectively" unreasonable. *Id.* "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). Based upon the plain language of the statute, and no case law to the contrary, the Indiana Court of Appeals' adjudication was not unreasonable. As such, this claim is not a basis for habeas relief.

As a final matter, pursuant to RULE 11 of the RULES GOVERNING SECTION 2254 CASES, the court must either issue or deny a certificate of appealability in all cases where it enters a final order adverse to the petitioner. To obtain a certificate of appealability, the petitioner must make a substantial showing of the denial of a constitutional right by

8

establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons fully explained above, Mamon's claims are not cognizable in this proceeding or are otherwise without merit under AEDPA standards. The court finds no basis to conclude that jurists of reason could debate the outcome of the petition or find a reason to encourage Mamon to proceed further. Accordingly, the court declines to issue Mamon a certificate of appealability.

### III. CONCLUSION

For the reasons set forth above, the petition (DE #5) is **DENIED**, and the petitioner is **DENIED** a certificate of appealability.

**SO ORDERED.**

Date: January 8, 2016

/s James T, Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT